UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARK DAVIES, SAMANTHA DAVIES, ADRIENNE
DAVIES, and DAVID DAVIES,

**FILED**
**CLERK**

**8/3/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                                           *Plaintiffs*,

                                                              **ORDER**

           -against-                               25-CV-5134 (NJC)(JMW)

TOWN OF HEMPSTEAD, et al.,

                                           *Defendants*.

------------------------------------------------------------------------X

**WICKS**, Magistrate Judge:

Before the Court, by way of referral from Hon. Nusrat J. Choudhury, is a renewed application to appoint *pro bono* counsel to represent Plaintiffs Mark Davies, Samantha Davies, Adrienne Davies, and David Davies (collectively, the "Plaintiffs"), currently proceeding pro se in this action.[1] (*See* ECF No. 53; Electronic Order dated 7/20/26.) This is now the fourth request for such relief. (*See* ECF Nos. 5-8, 38, 45.) The Court denied each application with leave to renew for inter alia, failure to properly inform the Court of their financial status or other compelling reasons. (*See* ECF No. 10; Electronic Orders dated 5/13/2026 and 05/28/2026.) For the reasons that follow, the renewed application is **denied** with *leave to renew* at a later stage.

There is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *Denton v. Nadel*, No. 24-CV-2313 (SJB)(JMW), 2025 WL

---

[1] The Court further notes that Plaintiff Mark Davies has made this application on behalf of all Plaintiffs and was the sole signatory on the application itself. (ECF No. 53 at 2-3.) While, "parties may plead and conduct their own cases personally…," that right is limited to representing themselves and not others. 28 U.S.C. § 1654. As such, the parties are reminded that if they intend on proceeding pro se, they must individually do so or retain counsel. *See Powell v. Bank of New York Mellon*, No. 25-CV-02178 (GRB) (JMW), 2025 WL 2714236, at *1 (E.D.N.Y. Sept. 23, 2025) (discussing the same and noting that failure to comply with this well-established rule could result in sanctions).

1349046, at *1 (E.D.N.Y. Apr. 2, 2025) (same). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 301 (1989) (holding that Congress, in authorizing federal courts to request pro bono counsel under 28 U.S.C. § 1915, did not "authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"). Rather, the Court may only request that an attorney volunteer to represent someone in a civil case and looks to a number of factors to determine whether it is appropriate to make such a request. *See id.* (citing 28 U.S.C. § 1915).

Under 28 U.S.C. § 1915(e)(1), courts "may request an attorney to represent any person unable to afford counsel." Courts possess "broad discretion" when determining whether appointment is appropriate. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *Coll. Diamond Fund Inc. v. Davis*, No. 24-CV-4800 (AT)(RFT), 2024 WL 3905479, at *1 (S.D.N.Y. Aug. 22, 2024). Courts in the Second Circuit consider "motions for appointment of counsel by asking first whether the claimant has met 'a threshold showing of some likelihood of merit.'" *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)). If the movant meets that threshold showing,

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61–62.

The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61. "A developed record assists the court in this regard." *Butler v. Cnty. of Suffolk*, No. 24-CV-1051 (GRB)(AYS), 2024 WL 3813383, at *1 (E.D.N.Y. Apr. 16, 2024) (citing *Brooks v. State of New York*, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992)). Here, even assuming the threshold showing of merit is met, Plaintiffs have been actively

2

litigating this case. Indeed, Plaintiffs have filed two pleadings in this matter, including the latest amendment of thirty-nine pages as well as letter motions. (*See e.g.*, ECF Nos. 1, 37, 44, 52.) Moreover, the record has not materially changed since the Court last considered this request. (*See* ECF Nos. 45, 53.) Plaintiffs' renewed application rests principally on their asserted difficulty obtaining case-related documents from former counsel. (ECF No. 53 at ¶¶ 5–7.) That difficulty, while regrettable, is a discovery issue that Plaintiffs may raise with the Court through the ordinary process, and it does not itself supply a "special reason" warranting the assignment of a volunteer attorney. *Hodge*, 802 F.2d at 62.

Accordingly, after considering the *Hodge* factors in the context of Plaintiffs' application and the pleadings as well as the record, there is no special reason to request the services of a pro bono attorney at this time. This application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if warranted at that time. This of course does not preclude Plaintiffs from continuing to retain counsel to represent them on their own. Plaintiffs are again reminded of the Hofstra Law Clinic Pro Se Legal Assistance Program at the Central Islip Courthouse, which provides free limited-scope assistance to self-represented litigants. (*See* ECF Nos. 10 at 2 n.2; 22-3.)

For the reasons stated, Plaintiffs' Motion to Appoint Counsel (ECF No. 53) is **denied**. The Clerk of the Court is respectfully directed to mail a copy of this Order to each individual Plaintiff and note the service on ECF within two business days.

Dated:  Central Islip, New York
        August 3, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

3